*Porter & Greathouse, for appellant.*
*Turner & Twyman, for appellee.*

---

WM. P. CALVERT v. LOUISVILLE JOURNAL CO.

Accounts—Acknowledgment of Indebtedness.
> Where from the evidence, it is shown that an account made out and presented to one member of a firm, was objected to in one item only, which he directed to be corrected, held sufficient to justify an action for an indebtedness due at that time.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

September 30, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

The accounts are not presented in this record in an intelligent and satisfactory manner, if account "*A No. 1,*" made out by

Lynch and referred to in his deposition, is copied in the record, the court has failed to see it.

This witness states that the account *A No. 1* was shown to Mr. Osborne, the business partner of the concern, and he made but one objection to it, the account was then corrected to conform to his view, that account showed a balance in favor of appellant, but what that balance was this record fails to show. And Mr. Osborne says when appellant's account was shown to him he saw the mistake in the last item, which he directed Mr. Lynch to correct; he made the correction, and until then he says he did not know his firm owed Calvert anything. This was certainly an acknowledgment of an indebtedness to the amount of the balance of the account thus corrected.

Mr. Osborne establishes the faithful and skillful discharge of the duties of Lynch, Perrin and appellant. Perrin succeeded Lynch as bookkeeper and cashier of the concern, and he states the books show correctly the amounts collected by appellant, as well as what he retained out of those collections. He also proves that Mr. Osborne made a memorandum on the last account (which we understand to be the account on ledger No. 2, page 68), in pencil after Calvert left to settle the account, which he did by entering a credit to Calvert of $100 per month.

A part of the time at least appellees were paying appellant $100 per month and at no time less than $1,000 per year, unless it be in 1861 and 1862, but how long the reduction in his salary was continued does not appear. Enough, however, appears in the record to show that some amount was due appellant which could be manifested by inspecting the books of the firm with the explanations of Lynch and Perrin. The controversy certainly could be easily correctly settled if the case could be referred to an intelligent master. But as it appears from Osborne's statement that a balance is due to appellant his petition was improperly dismissed.

Wherefore, the judgment is reversed and the cause remanded for a new trial and for further proceedings consistent herewith.

*Mundy, for appellant.*
*Thompson, for appellee.*